A previous bill was filed to foreclose this mortgage because of non-payment of interest. A memorandum was filed, that in the event of the payment of the interest then in default (the non-payment of which formed the default upon which the election was based) within ten days from the date thereof, *Page 622 
the bill would be dismissed. A tender was made and refused, upon the ground that an appeal would be taken from such conclusion, and a decree was advised dismissing the bill.
A subsequent demand was made, and payment not being made, a bill was filed to foreclose for failure to pay said interest; a part of which being the same interest, the payment of which had been refused.
Apparently the defendant relied upon the fact that proceedings under the appeal would postpone the payment for several months, and the money which had been borrowed to pay the interest was repaid. The defendants were unable to borrow the amount of money necessary to pay the interest for some considerable time after demand was made — in fact, for a considerable period after the filing of the bill.
Default having been made in the payment of said interest, the complainant corporation was justified in electing that the principal had become due.
The contention of the defendants is — that they having once made tender and such tender being refused, they should have a reasonable notice and demand of the proposed election and foreclosure proceedings.
Although the defendant had obtained the result desired, that is, the dismissal of the first bill to foreclose (because of the refusal of the tender), I believe their contention is sound.
I find, however, that they did have such notice. The testimony is that on December 7th, 1928, complainant notified defendant's counsel and later on the 17th day of December notified the defendant of the demand, both prior to the filing of the bill to foreclose, and no payment was tendered until January 24th, 1929, twenty-nine days after the filing of the bill. The explanation made by the defendant is, that they not having the money in the first instance, borrowed a sufficient sum to make such payment, but (apparently relying upon the usual time required to complete an appeal and bring the same to a determination) they returned the money and were unable to again obtain the loan to make the payment before the filing of the bill. *Page 623 
I originally considered ten days a reasonable time for the payment of the overdue amount, and I am still of the opinion that ten days was and is a reasonable time. The complainant waited more than this time before filing the bill.
A decree in favor of the complainant will be advised.
 *Page 1